**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**JOHN WALSH, III, and GREEN** :
**SANITIZING LLC,**
                                :
    **Plaintiffs**                         **CIVIL ACTION NO. 3:16-1642**
                                :
        **v.**                            **(Mannion, D.J.)**
                                :                **(Carlson, M.J.)**
**RON HEAGLE, et al.,**
                                :
    **Defendants**

**M E M O R A N D U M**

Before the court is the August 9, 2016 report and recommendation of Judge Carlson, (Doc. 3), recommending that the complaint of plaintiff John Walsh, III be dismissed for failure to state a claim.[1] The case arises from a complaint, (Doc. 1), filed *pro se* on August 8, 2016, in which Walsh sues defendants Ron Heagle and Vital Technologies under the federal False Claims Act ("FCA"), 31 U.S.C. §3729, *et seq.*, regarding an alleged oral agreement with defendants for Walsh to sell on commission a cleaning product called "Vital Oxide."[2] Walsh also filed a motion to proceed *in forma pauperis* under 28 U.S.C.

---

[1] While Walsh attempts to also file his complaint on behalf of Green Sanitizing Solutions LLC, as Judge Carlson recognizes, (Doc. 3 at 11), since this plaintiff is a corporation it must be represented by counsel in this action. *See Colavita v. Ryan, 2010 WL 2164522, *2 (E.D.Pa. 2010)* ("It is well-settled law that corporations cannot appear *pro se* in the federal courts."). Further, "corporations must be represented by counsel in federal court." Id.; *see also Genesis Int'l Holdings v. Northrop Grumman Corp., 238 Fed. Appx. 799, 801 (3d Cir. 2007)*. Thus, this plaintiff is dismissed from this action without prejudice and will not be permitted to proceed without counsel representing it.

[2] As Judge Carlson notes, Walsh is a prolific filer of civil actions in this court. In fact, Judge Carlson states that Walsh has filed more than 30 lawsuit with this court.

§1915(e)(2)(B)(ii) which Judge Carlson granted. (Doc. 2). On August 17, 2016, Walsh filed objections to Judge Carlson's report styled as a "Rebuttal." (Doc. 4). As the complaint does not raise a cognizable claim, the court adopts the report of Judge Carlson and his recommendation that the complaint be dismissed without prejudice.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31."[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *1 (D.N.J. Feb. 27, 2015) (citing United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987)).

## II. DISCUSSION

To date, Walsh's complaint has not been served on defendants and no response to his complaint is due by the defendants at this time. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons thoroughly discussed in Judge Carlson's report, Walsh's complaint fails to state a claim upon which relief can be granted, and therefore, his complaint must be dismissed.

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of *pro se* litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. See Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

Additionally, "[t]he more-rigorous pleading standard in Fed.R.Civ.P. 9(b) also applies to the False Claims Act claims because they allege fraud." U.S. v. Education Manage. Corp., 871 F.Supp.2d 433, 443 (W.D.Pa. 2012) (citing U.S. ex rel. Wilkins v. United Health Group, 659 F.3d 295, 301 n. 9 (3d Cir. 2011)). Thus, plaintiffs alleging claims under the FCA "must state with particularity the circumstances constituting fraud or mistake." Id. at 444 (quoting Wilkins, supra). "A plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Id. (quoting Lum v. Bank of America, 361

4

F.3d 217, 223–224 (3d Cir. 2004) (abrogated on other grounds by *Twombly*)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. (citation omitted).

As Judge Carlson's report indicates, the complaint in this matter does not provide a short and plain statement of the claim as required by Fed.R.Civ.P. 8. Thus, as Judge Carlson states dismissal is warranted since "Walsh's pleadings fail to satisfy these basic minimal pleading standards." (Doc. 3 at 11) (citing Binsack v. Lackawanna County Prison, 438 Fed. Appx. 158 (3d Cir. 2011)).

Moreover, Judge Carlson is correct that "the federal False Claims Act, 31 U.S.C. §3730, the only statute cited by Walsh in support of his complaint, has absolutely no application here." (Id.). "The False Claims Act enables the government to recover losses it has incurred as a result of fraud." U.S. v. Education Manage. Corp., 871 F.Supp.2d at 445 (citation omitted). "[T]he False Claims Act 'provides a qui tam enforcement mechanism, which allows a private party (i.e., a relator) to bring a lawsuit on behalf of the government and against an entity to recover money the government paid as a result of fraudulent claims.'" Id. (citation omitted). "[T]he elements of a prima facie case under the federal False Claims Act are: (1) the defendant presented a false or fraudulent claim against the United States; (2) the claim was presented to an agency or contractor of the United States; and (3) the defendant knew the claim was false or fraudulent." Id. at 446 (citing Wilkins, 659 F.3d at 305; U.S. v. Thayer, 201

F.3d 214, 222–23 (3d Cir.1999)). The court concurs with Judge Carlson's assessment that "[n]othing in Walsh's complaint recites facts which would support any colorable claim against these defendants under the False Claims Act." (Doc. 3 at 12).

Additionally, Judge Carlson correctly points out that some of Walsh's allegations occurred well beyond the expiration of the applicable statute of limitations despite the fact that Walsh indicates in his objections that Heagle orally promised him the 3% sales commission in 2012.

As to the oral breach of contract claim against Heagle, plaintiff fails to state sufficient facts in his complaint to invoke this court's jurisdiction over such a claim. Thus, the court can dismiss this claim sua sponte for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See* DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009). Walsh's attempt to clarify his allegations regarding his oral contract claim in his objections is of no moment. *See* Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *3 n. 2 ("Plaintiff cannot amend his pleading through his objection to the R & R.").

Further, Walsh's demand for $10,000,000 in damages, a specified amount of unliquidated damages, is in clear violation Local Rule 8.1, M.D.Pa. and must be stricken. *See* Stuckey v. Ross, Civil No. 05-2354, M.D. Pa. (1-9-06 Order, J. McClure).

Walsh's objections to Judge Carlson's report is a rambling diatribe of irrelevant information lacking citation to any legal authority or argument that his

complaint meets the pleading requirements under Rule 12(b)(6).

Finally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the court agrees with Judge Carlson's determination that Walsh should be granted leave to amend his complaint.

For the above reasons, the report of Judge Carlson, (Doc. 3), is **ADOPTED IN ITS ENTIRETY**. Walsh's objections, (Doc. 4), are **OVERRULED**. Walsh's complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 29, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1642-01.wpd